# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06813-RGK-PLA | Date | December 06, 2017 |
|---|---|---|---|
| Title | *Juan Manuel Marquez v. JPMorgan Chase Bank, N.A., et al.* | | |

---

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 11)**

## I.      INTRODUCTION

On August 31, 2017, Plaintiff Juan Manuel Marquez ("Marquez") filed a First Amended Complaint ("FAC") in Los Angeles Superior Court against Defendants JPMorgan Chase Bank, N.A. ("Chase Bank") and JPMorgan Chase and Co. ("JPMC"), in addition to Adel Cotton ("A. Cotton"), Hebert Cotton ("H. Cotton") (collectively, "the Cottons"), Brian Lallement ("Lallement") and several doe Defendants (collectively, "Defendants"). On September 15, 2017, Chase Bank and JPMC removed the action to federal court and asserted jurisdiction under 28 U.S.C §§ 1331, 1332.

This case arises out of an alleged scheme to defraud Marquez of several tax refund checks. Marquez alleges the following claims: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) concealment; (4) false promise; (5) breach of fiduciary duty; (6) failure to use reasonable care; (7) breach of duty of undivided loyalty; (8) conversion; (9) violation of California Penal Code section 496(c); (10) breach of contract; (11) breach of implied covenant of good faith and fair dealing; (12) breach of implied duty to perform with reasonable care; (13) aiding and abetting; (14) negligence; and (15) negligence per se.

Presently before the Court is Marquez's Motion to Remand. For the following reasons, the Court **DENIES** the Motion.

## II.      FACTUAL BACKGROUND

Marquez alleges the following in his FAC:

The Cottons are citizens of California and are currently incarcerated for a separate fraudulent tax scheme. Marquez is a citizen of the United Mexican States and a professional boxer who visits California on a regular basis. Marquez hired the Cottons to assist with preparing his taxes.

---

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06813-RGK-PLA | Date | December 06, 2017 |
|---|---|---|---|
| Title | *Juan Manuel Marquez v. JPMorgan Chase Bank, N.A., et al.* | | |

While preparing his taxes, Defendants allegedly forged Marquez's signature and designated themselves as Marquez's Power of Attorney ("POA"). Defendants notarized the document with Lallement, a citizen of California, but Lallement did not properly authenticate the signature and the identity of the individual executing the instrument.

Defendants, as POA on Marquez's account, fraudulently opened two bank accounts ("Accounts") with the Chase entities — JPMC and its subsidiary, Chase Bank. The Chase entities jointly maintain hundreds of physical banking locations in California.

Between March and December 2013, Defendants deposited Marquez's 2008 and 2012 tax returns, totaling $2,308,439.00, into the Accounts in order to defraud Marquez. Defendants then transferred the funds into other unknown accounts. The Chase entities collaborated with the remaining Defendants in order to defraud Marquez and intentionally provided false information to Marquez. Marquez has been unable to locate his funds, and has thus brought the current action against Defendants.

## III.  JUDICIAL STANDARD

At any time prior to final judgment, a federal court may remand a case to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.3d 564, 566 (9th Cir. 1992). A motion to remand based on lack of subject matter jurisdiction places the burden of proof on the nonmoving party to show federal subject matter jurisdiction by a preponderance of the evidence. *Id.*

## IV.  DISCUSSION

Defendants removed this case based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Marquez argues that the Court should remand the case because there is no federal law at issue, but Marquez did not challenge diversity jurisdiction.

Diversity jurisdiction exists in a civil action when the citizenship of each plaintiff differs from the citizenship of each defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996). "[C]itizens of a State and citizens of a foreign state" are considered diverse parties. 28 U.S.C § 1332. For individuals, citizenship is determined by domicile, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957), while a corporations' citizenship is determined by its place of incorporation and principal place of business, 28 U.S.C. § 1332(c).

Here, the Chase entities assert that Marquez is diverse from each Defendant. Specifically, the Chase entities assert that (1) Marquez is a citizen of the United Mexican States, a foreign state; (2) the Cottons and Lallement are citizens of California; (3) JPMC is a Delaware corporation with its principal

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06813-RGK-PLA | Date | December 06, 2017 |
|---|---|---|---|
| Title | *Juan Manuel Marquez v. JPMorgan Chase Bank, N.A., et al.* | | |

place of business in New York; and (4) Chase Bank is a citizen of Ohio. The Chase entities support their argument from the allegations in Marquez's own FAC, along with their articles of association. As the alleged amount in controversy is well over $75,000, the Court finds that Defendants have met their burden of showing complete diversity between the parties. Marquez presented no challenge to diversity jurisdiction, nor did he challenge the Chase entities' ability to remove under the "forum defendant" rule. Accordingly, the Court **DENIES** Marquez's Motion to Remand.[1]

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Marquez's Motion to Remand.


**IT IS SO ORDERED.**


Initials of Preparer                    _____ : _____

                                        _____

---

[1] Because there is an independent basis of jurisdiction under 28 U.S.C. § 1332, the Court need not address Marquez's additional arguments under 28 U.S.C. § 1331. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).